## HOPPER v. HOPPER.

### No. 14803.

Court of Civil Appeals of Texas.

Dallas.

Jan. 29, 1954.

Louis Wilson, Dallas, for appellant.

Bane & Bane, Dallas, for appellee.

PER CURIAM.

Appellee on December 29, 1953 filed a motion to strike the transcript and statement of facts and to dismiss this appeal for want of jurisdiction. He asserts that we improperly sustained appellant's motion to extend the time for filing the record. The record shows the 60-day period allowed by Rule 386, V. R. C. P., for filing the record in this Court ended on November 2, and that on that day a motion to extend the time was filed, which motion was sustained on November 6, and appellant filed the record here on November 10, well within the extended time. The motion in substance stated the attorney for appellant in the trial court had theretofore withdrawn from the case and the present attorney had been thereafter retained; that certain filed papers had been lost, without her fault, and it had been necessary to substitute them; that it had been impossible to file the transcript although appellant had used due diligence to secure its timely preparation; and that the District Clerk "will require at least 10 days additional time within which to complete and file said transcript in said cause." While the question of good cause was close, we are of the opinion that the facts alleged met the requirements of Rule 386. However it is not necessary for us to pass on that question or review our former order thereon since the motion to strike the transcript and statement of facts was filed in this Court on December 29, 1953, more than 30 days after the record was filed under the authority of our order of November 6, and no motion for leave to file the motion to dismiss has been filed with, or granted by, this Court under Rules 404 and 405, V. R. C. P., within the 30-day period after the transcript was filed, and no statement of facts has been made known to, or presented to, this Court showing good reason why such motion to dismiss was not filed within the 30-day period as required by Rule 404. Under such state of the record, although the motion should have been overruled on the merits if it had been filed in time, it must be dismissed because not filed in compliance with Rules 404 and 405.

Motion to dismiss is stricken from the file.